IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Case No. ELH-15-0305 |
| JESSE ALLEN BURNEY | * | |

### MOTION TO SUPPRESS TANGIBLE EVIDENCE SEIZED FROM 2003 HONDA 100R OFF ROAD VEHICLE AND 2008 KIA SPORTAGE LX

The defendant, Jesse Allen Burney, through counsel, hereby moves to exclude from evidence at trial any evidence seized from the 2003 Honda 100R Off Road Vehicle (Dirt Bike) and the 2008 Kia Sportage LX. As this motion incorporates the arguments made in the motion to suppress statements, Mr. Burney requests that the Court first read the motion to suppress statements, then turn to the instant motion.

### INTRODUCTION

Mr. Burney has been charged with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (f); forced accompaniment in violation of 18 U.S.C. § 2113(e); carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). These charges are based, in part, on evidence seized pursuant to search warrants from a 2003 Honda 100R Off Road Vehicle (Dirt Bike) and a 2008 Kia Sportage LX.

The Court should suppress any evidence seized from the 2003 Honda 100R Off Road Vehicle and the 2008 Kia Sportage LX because the warrants to search those vehicles were based on Mr. Burney's illegally obtained custodial statements. The police wrote, in affidavits supporting the warrants, that Mr. Burney confessed to the bank robbery, and that the vehicle he used to flee from law enforcement was his mother's. As explained in the motion to suppress statements, however, Mr.

1

Burney's custodial statements were the product of the police officers' intentional "question first" technique – a technique that the Supreme Court in <u>Missouri v. Seibert</u>, 542 U.S. 600 (2004) (plurality opinion), held violates the Fifth Amendment right against self-incrimination. Excising Mr. Burney's illegally obtained statements from the affidavits, there is no probable cause to believe evidence of a crime would be found in either the 2008 Kia Sportage LX or the 2003 Honda 100R Off Road Vehicle. Because the affidavits fail to establish probable cause, and because the <u>Leon</u> good faith exception cannot save the searches, the evidence seized from the two vehicles must be suppressed.

## **STATEMENT OF FACTS**

Citing Mr. Burney's custodial statements to him and Detective Lane, Detective Huch applied for warrants to search: (1) a 2003 Honda 100R Off Road Vehicle (Dirt Bike); and (2) a 2008 Kia Sportage LX. <u>See</u> Exhibit A (warrant to search 2008 Kia Sportage LX); Exhibit B (warrant to search 2003 Honda 100R Off Road Vehicle (Dirt Bike)). According to Detective Huch's supporting affidavits, the bank robbery suspect "fled the area on Route 136 towards Pennsylvania on what was described as a white and red dirt bike." Exhibit A at 2; Exhibit B at 2. Detective Huch claimed that, using a GPS tracking device contained in the stolen money, the police began tracking the GPS location of the suspect as he fled. After tracking the device for "several minutes," Detective Huch continued, the police "were able to locate the suspect who was now traveling in a black Kia Sportage LX . . . registered to a Karen Burney." Exhibit A at 2; Exhibit B at 2.

According to Detective Huch, after Mr. Burney was arrested in a "wooded area" in Harrisburg, Pennsylvania, the police located a red and white 2003 Honda 100R Off Road Vehicle in the 700 Block of Line Road, Delta, Pennsylvania. Exhibit A at 2; Exhibit B at 2. Detective Huch

2

asserted that "[t]he location where the dirt bike was recovered was very similar to the suspect's route of travel after reviewing the GPS device locations." Exhibit B at 3. Detective Huch also claimed that the police located the 2008 Kia Sportage LX through GPS tracking, and that the car was found unaccompanied, "in close proximity" to where Mr. Burney was arrested. Exhibit A at 2.

Finally, Detective Huch wrote that, "[a]fter waiving his Miranda rights, Mr. Burney advised Detectives that he committed the armed bank robbery in an attempt to obtain $100,000 to pay restitution for a prior armed robbery conviction. Mr. Burney also advised Detectives that the vehicle that he used to flee from law enforcement . . . was owned by his mother Karen Burney." Exhibit A at 3; Exhibit B at 3.

On May 1, 2015, the Harford County District Court approved Detective Huch's search warrant applications. The police executed the warrant for the Kia Sportage LX on May 4, 2015. On May 5, 2015, they executed the warrant for the dirt bike. The police seized tangible and DNA/trace evidence as a result of the searches. See Exhibit C (Inventory Return for 2008 Kia Sportage LX); Exhibit D (Inventory Return for Honda 100R Off Road Vehicle (Dirt Bike)).

## ARGUMENT

The warrants to search the 2003 Honda 100R Off Road Vehicle and the 2008 Kia Sportage LX suffer a fatal defect: any probable cause determination was based on Mr. Burney's illegally obtained custodial statements. If the illegally obtained statements are excised from the affidavits, there is no probable cause to believe evidence of a crime would be found in either the 2003 Honda 100R Off Road Vehicle or the 2008 Kia Sportage LX. See, e.g., Simmons v. Poe, 47 F.3d 1370, 1378 (4th Cir. 1995) (observing that inclusion of illegal evidence in affidavit may taint entire warrant if warrant is not otherwise properly supported by probable cause); United States v. David, 943 F.

3

Supp. 1403, 1415 (E.D. Va. 1996) (excising tainted portion of affidavit and conducting probable cause analysis without it).

### A. Excising the Illegally Obtained Statements from the Affidavits Defeats Probable Cause.

If the Court excises Mr. Burney's custodial statements from the affidavits, the remainder fails to establish probable cause to search the vehicles. The police never saw Mr. Burney riding a 2003 Honda 100R Off Road Vehicle, nor do they refer to any surveillance video showing Mr. Burney with such a vehicle. See United States v. Lalor, 996 F.2d 1578, 1582 ("In determining whether a search warrant is supported by probable cause, the crucial element is not whether the target of the search is suspected of a crime, but whether it is reasonable to believe that the items to be seized will be found in the place to be searched."). Moreover, no one at the bank provided a detailed description of the robber's vehicle, stating only that he "fled the area . . . on . . . a white and red dirt bike." Exhibit A at 2; Exhibit B at 2. Relatedly, no one at the bank saw Mr. Burney in a 2008 Kia Sportage LX, and Mr. Burney was not apprehended in any kind of vehicle. The police claimed that they used the bank's GPS tracking to "locate the suspect . . . traveling in a black Kia Sportage LX," but they provide no other explanation as to why the person driving the Kia Sportage LX was the person who committed the bank robbery. Exhibit A at 2. Indeed, although the affidavit sets forth a description of the bank robber, nothing in the affidavit suggests that the person driving the Kia Sportage LX matched any description of the robber. It is the inadmissible statements that tie Mr. Burney to the Kia Sportage. Without the illegally obtained statements, there is no probable cause to support the warrants.

**B. The <u>Leon</u> Good Faith Exception Cannot Save the Searches.**

The affidavits were so deficient with respect to the vehicles that no objectively reasonable officer would have relied in good faith on the legality of the search warrants. <u>See</u> <u>United States v. Leon</u>, 468 U.S. 897, 923 (1984) (when warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" it cannot be relied upon in good faith) (quotation omitted). The good faith exception is especially unavailable in this case, because the affiant, Detective Huch, used illegal means to obtain Mr. Burney's confession, and then highlighted Mr. Burney's incriminating statements in his warrant applications.

Because the affidavits failed to establish probable cause to believe that evidence of a crime would be found in the 2003 Honda 100R Off Road Vehicle or the 2008 Kia Sportage LX, the evidence seized pursuant to those searches must be suppressed.

## CONCLUSION

**WHEREFORE**, Mr. Burney respectfully moves this Honorable Court to issue a pre-trial ruling barring the government from admitting evidence seized from the 2008 Kia Sportage LX and the 2003 Honda 100R Off Road Vehicle.

>Respectfully submitted,
>
>JAMES WYDA
>Federal Public Defender
>
>            /s/
>_____
>DEBORAH L. BOARDMAN, #28655
>Assistant Federal Public Defender
>SHARI H. SILVER, #19181
>Staff Attorney
>Office of the Federal Public Defender
>100 South Charles Street
>Tower II, 9th Floor
>Baltimore, Maryland 21201
>Phone: 410-962-3962
>Fax: 410-962-0872
>Email: deborah_boardman@fd.org
>            shari_silver@fd.org

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the defendant requests a hearing on this motion.

/s/
_____
DEBORAH L. BOARDMAN, #28655
Assistant Federal Public Defender
SHARI SILVER, #19181
Staff Attorney